**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its**



Russ Kendig
United States Bankruptcy Judge

**Dated: 11:16 AM February 6, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| DWAYNE LEWIS LITT AND | ) CASE NO. 11-62637 |
| MARY KATHRYN LITT, | ) |
| | ) JUDGE RUSS KENDIG |
| Debtors. | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

  The chapter 13 trustee ("Trustee") objects to Debtors' plan, claiming Debtors fail to contribute all of their projected disposable income into the plan as required under 11 U.S.C. § 1325(b)(1)(B). Although Trustee raises several points, her main contention is Debtors cannot adjust their disposable income with expenses incurred to maintain a separate household for their daughter to determine their projected disposable income. The parties agreed to a briefing schedule and submitted their dispute to the court without hearing. For the reasons contained in this opinion, the court agrees with Trustee.

  The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtors filed a joint chapter 13 case on August 12, 2011. Both Debtors are employed and Mr. Litt also receives a small pension. Per an amended Schedule I filed on October 4, 2011, Debtors' net monthly income is $3,842.00. Debtors are above median debtors and are committed to a sixty month plan.

According to the B22C, Debtors' monthly disposable income is $539.27. Debtors' plan calls for monthly payments of $410.00 for approximately two years. Following payment of a debt Debtors are paying directly, the plan payments will increase to $735.00 per month. Debtors' plan payment roughly corresponds to the monthly net income on amended Schedule J ($414.00).

Debtors claimed their daughter as a dependent on amended Schedule I and also claim a household size of three on the amended B22C. Their daughter is twenty years old and completing her high school education. The parties stipulated that "it is impossible for the debtors' 20-year-old daughter . . . to reside in the debtors' home. [She] has a sever (sic) physiological problems (sic) and has attempted to commit suicide. . . . [Debtors] were separated for four months due to the daughter living in the household, they are now reunited with the daughter living outside the household with debtors paying the daughter's living expenses."

Debtors itemize the following expenses for their daughter on amended Schedule J:[1]

| | |
|---|---|
| Lot rent | $265.00 |
| Delinquent lot rent | $150.00 |
| Utilities | $165.00 |

## LAW AND ANALYSIS

Trustee's arguments in this case are two-fold. First, she contends that Debtors have incorrectly calculated their disposable income on the means test. According to Trustee's figures, Debtors' disposable income is $941.26, not $539.27. Second, Trustee argues that the disposable income figure from line 59 of the means test is a baseline figure and Debtors must, at a minimum, contribute this amount to the plan. As a result, she opposes a plan payment of a lesser amount based on the monthly net income from Schedule J.

---

[1] From this point, any references to Debtors' B22C, Schedule I or Schedule J will mean the amended versions of those documents filed on October 4, 2011.

2

**I.     Disposable income per the means test**

Debtors took a deduction of $470.00[2] on line 55 of the means test. Trustee states this figure is erroneous and that the actual figure is $68.01. Debtors present no arguments on this point.

A review of the employee income records submitted by Debtor Mary K. Litt supports Trustee's position. Mrs. Litt contributes three percent of her gross income to her 401(k) plan. Per line two of the means test, her average gross income, per month, is $2,267.00, resulting in an average contribution of $68.01 to her 401(k) plan.

When correctly calculated, Debtors' monthly disposable income on line 59 of the means test is $941.26.

**II.    Projected disposable income under 11 U.S.C. § 1325(b)(1)(B)**

At the crux of the parties controversy is the relationship between the monthly disposable income from the means test and the monthly net income figure calculated on Schedule J. Trustee argues that there are no circumstances which warrant any adjustment from the means test's disposable income calculation, and Debtors are therefore required to contribute $941.26 per month for 60 months, or a pot of $56,475.60, into the plan. Debtors disagree and posit that projected disposable income may differ from disposable income. It is their position that the expenses they pay for their daughter are reasonably necessary and therefore can be used against the disposable income figure from the means test. Through this argument, they urge the court to adopt the monthly net income on Schedule J as the basis for their projected disposable income.

When a debtor is not paying unsecured creditors in full, and a creditor or a trustee objects to the plan, the debtor must contribute all of his/her projected disposable income into the plan for the applicable commitment period in order for the plan to be confirmable. 11 U.S.C. § 1325(b)(1)(B). While projected disposable income is not defined, § 1325(b)(2) defines disposable income as currently monthly income less the reasonable expenses for "the maintenance or support of the debtor or a dependent of the debtor." 11 U.S.C. § 1325(b)(2)(A)(i). Since debtors are above median debtors, their reasonable expenses are calculated in accordance with § 707(b)(2). 11 U.S.C. § 1325(b)(3).

Debtors' argument does not comply with the statutory framework. It is apparent that Debtors seek to deduct the daughter's expenses as reasonably necessary for their household. In order to use the expenses to reduce their disposable income, the expenses must be calculated under § 707(b)(2). See also Baud v. Carroll, 634 F.3d 327 (6th Cir. 2011). Section 1325(b)(2)(A)(i) is not an invitation to deduct additional expenses which are not included in the means test.

Any understanding of projected disposable income is premised on disposable income. Consequently, it is imperative that Debtors accurately calculate their disposable income. This is supported in the Supreme Court's decision in Hamilton v. Lanning, 130

---

[2] The court believes Debtors' figure may have been a typographical error. Debtors' amended Schedule J shows retirement contributions of approximately $47.00 per month for Mrs. Litt.

S.Ct. 2464 (2010), and the Sixth Circuit's Baud decision. 634 F.3d 327.

In Lanning, the debtor's disposable income was artificially inflated because of a one-time buyout received from her former employer in the six month look back period. In deciding whether to adopt a mechanical approach or a forward-looking approach to determine projected disposable income, the Court did not approve any alteration of the disposable income formula. For instance, in countenancing pre-BAPCPA case law supporting the forward-looking approach, which it ultimately adopted, the Supreme Court noted the role of disposable income: "Prior to BAPCPA, the general rule was that courts would multiply a debtor's current monthly income by the number of months in the commitment period as the first step in determining projected disposable income." Lanning, 130 S.Ct. at 2472.

Similarly, in rejecting the mechanical approach, the Court did not quarrel with the Tenth Circuit's view of disposable income:

> Petitioner faults the Tenth Circuit for referring to a rebuttable "presumption" that the figure produced by the mechanical approach accurately represents a debtor's "projected disposable income." See 545 F.3d at 1278-1279. Petitioner notes that the Code makes no reference to any such presumption but that related code provisions expressly create other rebuttable presumptions. See § 707(b)(2)(A)(i) and (B)(i). He thus suggests that the Tenth Circuit improperly supplemented the text of the Code.
>
> The Tenth Circuit's analysis, however, simply heeds the ordinary meaning of the term "projected." As noted, a person making a projection uses past occurrences as a starting point, and that is precisely what the Tenth Circuit prescribed. See, *e.g.*, Nowlin, supra, at 260, 263.

Lanning, 130 S.Ct. at 2475. That the disposable income figure from the means test is the foundation for projected disposable income was also confirmed by the Sixth Circuit:

> Noting that in most cases "nothing more is required" in calculating projected disposable income than projecting the disposable income figure from Form 22C over the term of the plan, the Supreme Court held that "in unusual cases . . . a court may go further and take into account other known or virtually certain information about the debtor's future income or expenses."

Baud, 634 F.3d at 345 (citing Lanning, 130 S.Ct. at 2475). A mechanical application has its place but is not a per se rule. "The discretion Lanning affords does not permit bankruptcy courts to alter BAPCPA's formula for calculating disposable income (*i.e.*, does not permit the court to alter the items to be included in and excluded from income)." Baud, 634 F.3d at 345.

Lanning holds that the means test calculation is not always the last word: "we

4

hold that when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation." Id. at 2478. The operative word here is "changes." In this case, the expenses that Debtors seek to utilize have not changed and were known at the time of filing. Unlike Lanning, this case presents no future information which warrants projecting a different disposable income than identified in the means test.

On this point, Baud is decidedly instructive. By statute, current monthly income excludes social security benefits. 11 U.S.C. § 101(10A)(B). The trustee in Baud, relying on Schedule J, urged the court to find that the debtor's receipt of social security warranted adoption of a projected income figure that differed from disposable income. The court refused, stating

> Were we to follow the approach espoused by the Appellant, bankruptcy courts–contrary to what the Supreme Court contemplated in Lanning and contrary to the express statutory language–would be permitted to depart from the definition of disposable income set forth in § 1325(b)(2) in virtually every case, given the improbability of a debtor's actual financial circumstances matching perfectly the disposable income calculation set out by BAPCPA. *See* 6 Lundin, *supra*, § 500.1.

(quotation and citation omitted). Baud at 347. The import of Baud is to give meaning to the statute and the disposable income calculation. The fact that the monthly net income figure on Schedule J is different from line 59 of the means test is, in and of itself, not a basis to use Schedule J to determine projected disposable income.

Since the expenses Debtors seek to use to lower their projected disposable income are expenses which were known and in existence at the time of filing, and are anticipated to be paid in the future, they should have been included in the means test calculation of disposable income. This case is not an unusual case where the future foretells a different picture warranting application of the forward-looking approach to projected disposable income. It therefore follows that the forward-looking approach is of limited application. Based on these facts, Schedule J has no bearing on Debtors' projected disposable income.

The court identifies code sections and provisions of the means test where Debtors' expenses for their daughter may be incorporated. First, they may be of the type covered by § 707(b)(2)(A)(ii)(II):

> In addition, the debtor's monthly expenses may include, if applicable, the continuation of actual expenses paid by the debtor that are reasonable and necessary for care and support of an elderly, chronically ill, or disabled household member or member of the debtor's immediate family (including parents, grandparents, siblings, children, and grandchildren of the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case who is not a dependent) and who is unable to pay

5

for such reasonable and necessary expenses.

Line forty of B22C is the correlative provision of the chapter 13 means test.[3] The Sixth Circuit recognized that this category of expenditures, unlike the standardized deductions, is based on "debtors' own reasonably necessary needs." Baud, 634 F.3d at 334.

Several courts confronted the proper interpretation of this statute. *See, e.g.*, In re Hicks, 370 B.R. 919 (Bankr. E.D. Mo. 2007); In re Harris, 415 B.R. 756 (Bankr. E.D. Cal. 2009); In re Linville, 446 B.R. 522 (Bankr. D. N.M. 2011). These courts affirmatively adopt the following test to determine the applicability of an expense under § 707(b)(2)(A)(ii)(II):

>   (1) The expenses must be a continuation of actual expenses paid by the debtor; and
>
>   (2) The expenses must be reasonable and necessary for care and support of an elderly, chronically ill, or disabled:
>
>> (a) household member who is unable to pay for such expenses; or
>>
>> (b) member of the debtor's immediate family (as defined by the statute) who is unable to pay for such expenses.

Hicks, 370 B.R. at 923; Linville, 446 B.R. at 528; Harris, 415 B.R. at 761. Looking at this test, it is clear that the record is not sufficiently developed to allow the court ascertain whether Debtors' expenses for their daughter qualify as an allowable deduction under § 707(b)(2)(A)(ii)(II). While there seems to be no argument that the expenses are actually paid by Debtors, Debtors have not demonstrated that their daughter is disabled and is unable to pay for the expenses. Consequently, the court cannot say that the expenses are reasonable and necessary.

Alternatively, the court observes that line 57 of Form B22C provides a place to itemize "special circumstance" deductions. This provision is apparently based on 11 U.S.C. § 707(b)(2)(B)(i). The court notes that there may be grounds to limit application of § 707(b)(2)(B)(i) to chapter 7 cases, but that question is not squarely before the court. Similarly, line 60 also provides debtors an opportunity to list "other expenses" "required for the health and welfare of you and your family . . . under § 707(b)(2)(A)(ii)(I)." Official Form B22C (Chapter 13) (12/10), line 60. Again, the court acknowledges that it is not clearly convinced that the form and statute are perfectly coherent but that is a question for a day when the issue is properly presented to the court.

## **CONCLUSION**

As it stands on the facts before the court, Debtors have failed to demonstrate that

---

[3] Although the chapter 7 means test contains similar provision, the locations of those provisions are not identical to the chapter 13 means test.

6

the expenses they seek to deduct are permissible deductions in calculating disposable income. Disposable income is the foundation upon with projected disposable income is constructed. Existing, known expenses which debtor's propose to continue paying must find a home in the definition of disposable income. Such expenses cannot be used to alter a debtor's projected disposable income merely because a Debtor includes the expense on Schedule J.

The code and means test include some opportunities to deduct non-standardized, actual expenses from currently monthly income. However, those expenses must fit within the statutory framework in order to reduce the available disposable income. Debtors arguments regarding dependency are not framed within the context of the statutory scheme.

The court concludes that Debtors' disposable income was incorrectly calculated and their actual disposable income is $941.26. Having identified no changes in income or expenses known or virtually known at confirmation, this figure, extrapolated over the applicable commitment period, represents Debtors' projected disposable income.

The court must sustain Trustee's objection to confirmation. Debtors will be given time to file an amended plan. The decision of the court is without prejudice to Debtors' right to file an amended means test or to factually and legally develop the applicability of standards referenced herein.

An order will be entered immediately.

# # #

## SERVICE LIST

Douglas L Thrush
13 Park Ave W
#314
Mansfield, OH 44902-1714

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Dwayne Lewis Litt
Mary Kathryn Litt
603 Oak St. #137
Mansfield, OH 44907